RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/11/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAGORDIAN BROWN | CIVIL ACTION NO. 1:12-CV-69 |
| VERSUS | JUDGE DRELL |
| ERIC R. HARRINGTON, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se plaintiff LaGordian Brown, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. He claims that his constitutional rights were violated by Judge Eric Harrington, Judge Dee Hawthorne, District Attorney Van Kyzar, Assistant District Attorney Stuart Wright, Investigator Danny Hall, Public Defender Brett Brunson, and Public Defender Edward Colbert. He claims that he was subjected to false imprisonment and malicious prosecution.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff claims that he was "falsely imprisoned... by way of maliciously prosecuting and insufficient counseling." [Doc. #1, p.2] He states that "[t]he Defendants deliberately held the Plaintiff in prison by not giving a bond, insufficient counseling, switching venues, delaying hearings, denying hearings, offering plea bargains, making threats for not accepting plea bargains, denying him the right to speak, all without cause and in an effort

to obstruct justice." [Doc. #1, p.2]

Plaintiff was arrested on January 27, 2010, and released from custody on August 24, 2011, with all charges dismissed. He claims to have suffered injuries from a battery and sexual assault while he was incarcerated, and those claims are the subject of other lawsuits filed by Plaintiff.

### Law and Analysis

#### I. Liability of Judges and Prosecutors

He claims that the two judges named as defendants are liable in their individual and official capacities for not allowing Plaintiff to speak during the preliminary exam, for dismissing charges against other suspects, and for conspiring to falsely imprison Plaintiff and to move Plaintiff from one court to the other. He claims that the district attorney office employees are liable for offering plea bargains and making threats for not accepting plea bargains.

Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. See Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994); Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993). "The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." Id. at 284, citing Young v. Biggers, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Judicial immunity can be overcome only by showing that the actions complained of were

non-judicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. <u>Mireles v. Waco</u>, 502 U.S. 9, 12 (1991); <u>Forrester v. White</u>, 484 U.S. 219, 220-21 (1988). A judge's acts are judicial in nature if they are "'normally performed by a judge'" and the parties affected "'dealt with the judge in his judicial capacity.'" <u>Mireles</u>, 502 U.S. at 12, quoting <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1978).

Likewise, criminal prosecutors also enjoy absolute immunity from claims for damages asserted under §1983 for actions taken in the presentation of the state's case. See <u>id.</u> citing <u>Graves</u>, 1 F.3d at 318. Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. See <u>Graves</u>, 1 F.3d at 318; <u>see also</u> <u>Brummett v. Camble</u>, 946 F.2d 1178, 1181 (5th Cir. 1991)(concluding that state prosecutors were absolutely immune from a §1983 action predicated on malicious prosecution), *cert. denied*, 112 S. Ct. 2323 (1992); <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc)("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."). Plaintiff has alleged no facts that could overcome the absolute immunity of the judges or the district attorneys.

The same applies to investigators employed with the district attorney's office. Plaintiff claims that investigator Danny Hall

threatened to put Plaintiff back in jail and "take [Plaintiff] to trial" if Plaintiff rejected a plea offer of "time served" for simple battery. Investigators of district attorneys are entitled to absolute prosecutorial immunity for acts done within their prosecutorial role. See Garza v. Guerra, 2009 WL 136022, 7 (S.D.Tex. 2009)(citing Ryland v. Shapiro, 708 F.2d 967, 975 (5th Cir. 1983))[1]. In offering Plaintiff a plea deal and "threatening" to proceed to trial if the deal is rejected, Hall was clearly acting in a prosecutorial role and is entitled to immunity like the prosecutors.

## II. Liability of Public Defenders

Plaintiff also names as defendants Public Defender Brett Brunson and Public Defender Edward Colbert. It is well established that court-appointed attorneys in criminal proceedings are not official state actors and generally are not subject to suit under §1983. See Georgia v. McCollum, 505 U.S. 42 (1992); Polk County v. Dodson, 454 U.S. 312 (1981); Marts v. Hines, 68 F.3d 134, 135 (5th Cir. 1995). Because a public defender does not act under color of

---

[1] See, e.g., Gobel v. Maricopa County, 867 F.2d 1201, 1203 n .5 (9th Cir.1989)(investigators, employed by a prosecutor and performing investigative work in connection with a criminal prosecution, are entitled to the same degree of immunity as prosecutors); Norton v. Liddel, 620 F.2d 1375, 1381-82 (10th Cir.1980)(as to district attorney's investigators, it would hardly seem reasonable to exculpate the district attorney and to not immunize his underlings); Waits v. McGowan, 516 F.2d 203, 205 (3d Cir.1975) (detective employed directly by and working under district attorney on specific matter related to prosecution is unlike ordinary police officer engaged in general law enforcement and exercising individual discretion; when function of prosecutor and detective are the same, the immunity they are accorded is the same).

state law when performing the traditional functions of counsel to a criminal defendant, he cannot be liable under Section 1983. Therefore Plaintiff's claims against Brunson and Colbert should be dismissed.

### III. Liability of 10th JDC

Plaintiff names the Tenth Judicial District for the State of Louisiana as a defendant. However, the 10th JDC is not a juridical person capable of being sued. See Moity v. Louisiana State Bar Association, 414 F.Supp. 180, 182 (E.D.La. 1976)("state courts are not considered 'persons' within the meaning of §1983"), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). Therefore, the claims against the judicial district should be dismissed.

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that this prisoner action be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §1915(e).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

5

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. USAA, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 6th day of June, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE